IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

ROB MACINNIS                                                            PLAINTIFF

V.                         CASE NO. 5:19-cv-05160-TLB

HALLEAHWOOD DESIGNS, LLC                         DEFENDANT

### BRIEF IN SUPPORT OF DEFENDANT'S
### MOTION FOR PARTIAL DISMISSAL

Plaintiff Rob Macinnis ("Plaintiff") filed this copyright infringement action against Halleahwood Designs, LLC ("Halleahwood") alleging that Halleahwood's selling of a particular design through its website – starting on March 11, 2019 – is an infringement of Plaintiff's copyrights in a photograph characterized as showing animals in a farm ("the Claimed Photograph").  According to Registration No. VA-2-159-401, which Plaintiff cited to in paragraph 9 of his complaint ("the 401 Registration"), the Claimed Photograph was first published on December 1, 2013, and registered with the Copyright Office nearly six years later (June 25, 2019). Plaintiff alleges that he is entitled to statutory damages for the alleged infringement.  Plaintiff's claims for statutory damages must be dismissed because he has failed to state any facts or evidence showing that the registration requirements for statutory damages are satisfied in this case (and he cannot so establish because the registration was obtained nearly six years after publication and over one month after the allegedly infringing activity began).

1970972-v1

The Copyright Act provides that "[a]n infringer of a copyright is liable for either (1) the copyright owner's actual damages or any additional profits of the infringer…or (2) statutory damages." 17 U.S.C. § 504(a). The Act further states that statutory damages are not available for "any infringement of a copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after first publication of the work." 17 U.S.C. § 412. Thus, in order for statutory damages to be available in this case, the Claimed Photograph must have been registered either (a) before commencement of Halleahwood's allegedly infringing activities or (b) within three months of publication of the Claimed Photograph. Neither requirement is met in this case, and Plaintiff has failed to allege any facts that would establish any right to statutory damages.

Halleahwood began offering the allegedly infringing design depicted in Plaintiff's Exhibit B on March 11, 2019, and began making sales of the identified design on that same date. The Claimed Photograph was not registered until June 25, 2019, as shown in the Copyright Catalog record describing the details of Plaintiff's 401 Registration, which is attached to the motion as Exhibit A. Thus, the allegedly infringing activities commenced prior to the date of registration. Because the work was not registered prior to commencement of the infringing activities, statutory damages would only be available if the work was registered within three months of publication. Here, according to Plaintiff's 401 Registration, the work was first published nearly six years earlier, on December 1, 2013.

Since neither registration requirement for statutory damages has been met, Plaintiff's claims for statutory damages should be dismissed.

        Respectfully submitted,

        K. Brandon Middleton (2016130)
        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas  72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        E-MAIL: bmiddleton@wlj.com

        Eric Berger (2004210)
        WRIGHT, LINDSEY & JENNINGS LLP
        3333 Pinnacle Hills Parkway, Suite 510
        Rogers, Arkansas  72758
        (479) 986-0888
        FAX: (479) 986-8932
        E-MAIL: eberger@wlj.com

        *Attorneys for Defendant*
        *Halleahwood Designs, LLC*