## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

ROB MACINNIS                                                    PLAINTIFF

V.                      CASE NO. 5:19-cv-05160-TLB

HALLEAHWOOD DESIGNS, LLC                                        DEFENDANT

### ANSWER TO AMENDED COMPLAINT

Defendant Halleahwood Designs, LLC ("Halleahwood"), for its answer to the Amended Complaint of Rob Macinnis ("Plaintiff"), states:

### JURISDICTION, PARTIES, & VENUE

1.     Halleahwood admits that the Amended Complaint purports to assert a copyright infringement claim arising under the Copyright Act.  Halleahwood denies the remaining allegations of paragraph 1.

2.     Halleahwood admits that the Amended Complaint alleges a claim arising under the Copyright Act and that such claim falls within the subject matter jurisdiction of this Court as alleged in paragraph 2 of the Complaint.

3.     Halleahwood admits that this Court has personal jurisdiction as alleged in paragraph 3 of the Amended Complaint.

4.     Halleahwood admits that venue is proper as alleged in paragraph 4 of the Amended Complaint.

5.     Halleahwood lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint and therefore denies those allegations.

1993709-v1

6.      Halleahwood admits the allegations set forth in paragraph 6 of the Amended Complaint.

## FACTUAL ALLEGATIONS

7.      Halleahwood lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint and therefore denies those allegations.

8.      Halleahwood lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint and therefore denies those allegations.

9.      Halleahwood states that a photograph entitled "12.01.2013_animals" appears to have been registered with the Copyright Office and given Copyright Registration Number VA 2-159-401 (the "401 Registration"), but Halleahwood lacks information sufficient to form a belief as to nature or identity of the photograph subject to the 401 Registration as alleged in paragraph 9 of the Amended Complaint and therefore denies those allegations.

10.     Halleahwood admits that it sold a design featuring a photograph depicting farm animals on its website for $5.00, but denies that the photograph sold by Halleahwood is the same photograph subject to the 401 Registration as alleged in paragraph 10 of the Amended Complaint.

11.     Halleahwood admits that it has not entered into any license agreement or other agreement with Plaintiff regarding any photograph, but denies that the photograph sold by Halleahwood is the same photograph subject to the 401 Registration as alleged in paragraph 11 of the Amended Complaint.

1993709-v1

## CAUSE OF ACTION

12.     In response to the assertions of paragraph 12, Halleahwood incorporates by reference its responses to paragraphs 1-11 of the Amended Complaint.

13.     Halleahwood admits that it has never entered a license agreement or other agreement with Plaintiff for any photograph, but denies that it has reproduced or publicly displayed the photograph subject to the 401 Registration.  Halleahwood denies that it has infringed Plaintiff's copyrights as alleged in paragraph 13 of the Amended Complaint.

14.     Halleahwood denies the allegations of paragraph 14 of the Amended Complaint.

15.     Halleahwood denies the allegations of paragraph 15 of the Amended Complaint.

16.     Halleahwood denies the allegations of paragraph 16 of the Amended Complaint.

17.     Halleahwood denies the allegations of paragraph 17 of the Amended Complaint.

18.     Halleahwood denies the allegations of paragraph 18 of the Amended Complaint.

19.     Halleahwood denies that Plaintiff is entitled to the relief sought in the prayer for relief and the paragraph beginning "WHEREFORE." including subparagraphs (a) through (d) inclusive.

20.     Halleahwood denies each and every material allegation of the Amended Complaint not specifically admitted herein.

1993709-v1

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

21.     The complaint, or one or more counts set forth therein, fails to state a

claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

22.     Plaintiff lacks standing to request relief in this action because he has

not properly demonstrated or proven standing to request the relief being sought.

## THIRD AFFIRMATIVE DEFENSE
### (Noninfringement)

23.     Plaintiff's claims are barred, in whole or in part, because Halleahwood is

not infringing, and has not in the past infringed, any of Plaintiff's copyrights.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

24.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's

copyrights are invalid and/or unenforceable, including by reason of lack of originality

and lack of copyrightable subject matter.

## FIFTH AFFIRMATIVE DEFENSE
### (Fair Use)

25.     Plaintiff's claims are barred, in whole or in part, because the alleged

violations of copyrights by Halleahwood are *de minimis*, nominative, and/or fair uses

permitted under law.

1993709-v1

## SIXTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

26.    Plaintiff's claims are barred, in whole or in part, because he has engaged

in one or more acts that have misused his copyrights.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

27.    Plaintiff's claims are barred, in whole or in part, by estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

28.    Plaintiff's claims are barred, in whole or in part, by the doctrine of

laches.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

29.     Plaintiff's claims are barred, in whole or in part, by waiver.

## TENTH AFFIRMATIVE DEFENSE
### (Authorized Use, License, Consent, Acquiescence)

30.    Plaintiff's claims are barred, in whole or in part, by license or the

doctrine of implied license because Plaintiff impliedly or explicitly, directly or

indirectly, authorized, licensed, consented to, or acquiesced to Halleahwood's

allegedly infringing use of Plaintiff's copyrighted work.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

31.    Plaintiff's claims are barred, in whole or in part, because Halleahwood's

conduct was in good faith and with non-willful intent at all times.

1993709-v1

## TWELFTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

32.      Plaintiff's claims as to enhanced damages and an award of fees and

costs against Halleahwood are barred, in whole or in part, because they have no basis

in fact or law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

33.      Plaintiff's claims are barred, in whole or in part, to the extent

Halleahwood's actions and speech are protected by the First Amendment of the

Constitution of the United States.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Merger)

34.      Plaintiff's claims are barred, in whole or in part, by the doctrine of

merger.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Registration)

35.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has

failed to meet the registration requirements to bring suit and/or to seek statutory

damages under the Copyright Act.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Ownership)

36.      Plaintiff's claims are barred, in whole or in part, because Plaintiff does

not own the work of authorship that forms the subject of the claims for relief.

1993709-v1

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Abandonment)

37.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has

abandoned its copyrights in the work of authorship that forms the subject of the

claims for relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

38.     Plaintiff's claims are barred, in whole or in part, under the doctrine of

unclean hands.

WHEREFORE, Defendant Halleahwood Designs, LLC respectfully asks this

Court to dismiss Plaintiff's Amended Complaint with prejudice; for its costs and fees

associated with the filing of this answer; and for all other relief to which it may be

entitled.

Respectfully submitted,

K. Brandon Middleton (2016130)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas  72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: bmiddleton@wlj.com

Eric Berger (2004210)
WRIGHT, LINDSEY & JENNINGS LLP
3333 Pinnacle Hills Parkway, Suite 510
Rogers, Arkansas  72758
(479) 986-0888
FAX: (479) 986-8932
E-MAIL: eberger@wlj.com

*Attorneys for Defendant*
*Halleahwood Designs, LLC*

1993709-v1